[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #125
The following facts are taken from the plaintiff's complaint. The plaintiff, Michael D. Gianetti, a licensed physician, has filed a four count second amended complaint against Greater Bridgeport Individual Practice Association, Inc. (GBIPA), and against Physicians Health Service of Connecticut, Inc. (PHS). In the first two counts, the plaintiff alleges that GBIPA, an organization of physicians who supply medical services to PHS, breached a contract with the plaintiff and violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In counts three and four, the plaintiff alleges that PHS, a health maintenance organization, was a party to the breach of contract and is liable for a CUTPA violation. PHS now moves to strike count four of the plaintiff's second amended complaint on the ground that it does not adequately state a claim for a CUTPA violation against PHS.
PHS first argues that the plaintiff has not sufficiently pled a CUTPA violation against PHS because the plaintiff's allegations do not meet the test of the "cigarette rule," but rather state a simple breach of contract claim. The plaintiff argues that the CUTPA allegations in count four are sufficient because GBIPA's acts alleged in count three are incorporated by reference into count four, and PHS is liable for the acts of GBIPA. The court,Nadeau, J., when ruling on the first amended complaint, addressed CT Page 15890 the issue of whether count three adequately stated a claim against GBIPA for a CUTPA violation. (Memorandum of Decision Re: Motion To Strike # 111 , Nadeau, J., February 3, 1999). For the same reasons that the court previously denied GBIPA's motion to strike the CUTPA claim, this court now finds that the plaintiff has adequately stated a claim for a CUTPA violation against GBIPA.
PHS argues that count four is insufficient because the plaintiff has alleged that PHS "ratified" the acts of GBIPA, and a mere ratification of another's acts does not constitute a CUTPA violation. The plaintiff argues that he has sufficiently alleged a CUTPA violation against PHS because he has alleged that GBIPA was an agent of PHS.
"Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . ." (Internal quotation marks omitted.) Gateway v. DiNoia, 232 Conn. 223,239-40, 654 A.2d 342 (1995). "Ordinarily, the question of agency is one of fact to be determined by the trier of fact." West HavenSound Development Corp. v. West Haven, 201 Conn. 305, 311,514 A.2d 734 (1986).
Here, the plaintiff has alleged that GBIPA was an agent of PHS. Also, as previously discussed, the plaintiff has adequately stated a claim for a CUTPA violation against GBIPA. Accordingly, the plaintiff has adequately stated a claim for a CUTPA violation against PHS. See, e.g., Rizza v. Fisher, Superior Court, judicial district of Hartford, Docket No. 574138 (March 23, 1999, Teller,J.) (the jury could reasonably conclude that the insurance agent was an agent of the insurance company and that the insurance company was liable for a CUTPA violation based upon the misrepresentations of the agent); cf. Tucci v. Days Inn, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271770 (June 21, 1994, Rodriguez, J.) (where the jury could not reasonably conclude that an agency relationship existed, the alleged principal could not be held liable for a CUTPA violation of the alleged agent).
For the foregoing reasons, the motion to strike is denied.
JOHN W. MORAN, JUDGE CT Page 15891